Priority ✓
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CKE RESTAURANTS, INC., et al., | CASE NO. SACV 07-603-AG (JTLx) |
| Plaintiffs, | ORDER RE SETTLEMENT CONFERENCE |
| vs. | |
| JACK IN THE BOX, INC. | |
| Defendants. | |



**IT IS ORDERED** that the parties shall appear for a settlement conference on **October 17, 2007, at 1:30 p.m.**, in Courtroom B – 8th floor.

1. Pursuant to Local Rule 16-14.8, all settlement proceedings shall be confidential and no statement made therein shall be admissible in any proceeding in the case, unless the parties otherwise agree. No part of a settlement proceeding shall be reported or otherwise recorded, without the consent of the parties, except for any memorialization of a settlement.

2. Each party shall appear at the settlement proceeding in person or by a representative with <u>full authority</u> to settle the case. Full authority is defined as having authority to settle the matter for the amount of the last demand or counter-offer made by the opposing party. All persons whose consent is necessary to conclude a



settlement shall be present personally. Parties or agents possessing authority to settle who are located outside of the Central District of California may be available by telephone, <u>only with the Court's permission</u> after a showing of extraordinary circumstances, provided that they remain available by telephone after normal business hours at the place where the party or agent is located, until released by the Magistrate Judge. If a party desires to be excused from making a personal appearance, counsel for the party should make the request in the party's Settlement Conference Statement. Counsel should then contact the deputy clerk of the court to determine whether the request has been granted.

    3.    If a proposed settlement must be presented for approval to a board or committee, the person whose recommendation is normally followed by the board or committee must be the person present or available by telephone.

    4.    If this case includes the United States as a party, the attendance of the Assistant United States Attorney charged with responsibility for the conduct of the case armed with the full measure of settlement authority provided by his or her superiors within the United States Attorney's Office shall be present. <u>See</u> Local Rule 16-14.5.

    5.    Subject to paragraph 2 above, counsel appearing without their clients, or parties appearing without full settlement authority, will cause the settlement conference to be cancelled and rescheduled. The noncomplying party, attorney, or both, may be assessed the costs and expenses incurred by other parties as a result of such cancellation and rescheduling.

    6.    Unless otherwise excused by the Court, no later than fifteen (15) days before the date of the settlement conference, counsel for the plaintiffs shall fax or hand-deliver a written settlement demand to counsel for defendants. Counsel for defendant shall fax or hand-deliver a written response to counsel for plaintiffs no later than twelve (12) days before the date of the settlement conference; if the plaintiffs' demand is not accepted, defendant's written response must include a counter-

settlement offer. Plaintiffs must then fax or hand-deliver a reply to the defendant's counter-offer no later than nine (9) days before the date of the settlement conference; if the defendant's counter-offer is rejected, the plaintiffs' reply must contain a counter-settlement demand. All demands and counter-offers must be accompanied by a brief explanation of the party's settlement proposal. PLEASE NOTE: FAILURE TO COMPLY WITH THIS REQUIREMENT OF EXCHANGING SETTLEMENT DEMANDS PRIOR TO THE CONFERENCE MAY REQUIRE A RESCHEDULING OF THE SETTLEMENT CONFERENCE.

7.   Each party shall deliver to the chambers of Magistrate Judge Jennifer T. Lum at 312 N. Spring Street, 9th floor, Los Angeles, California, a Confidential Settlement Conference Statement on or before **October 10, 2007.** The statement shall be in the form of a letter, and shall not exceed five (5) pages in length. The statement shall be submitted in a sealed envelope clearly marked "Confidential," for the purposes of the settlement conference only. The Confidential Settlement Conference Statement shall not be filed. The statement shall contain the following information:

(a)   A summary of the factual background of the case;

(b)   A summary of the important legal and factual issues presented by the case, and the submitting party's position on each issue;

(c)   A description of the damages or other relief sought by or against the submitting party;

(d)   A summary of the settlement negotiations or other means of alternative dispute resolution utilized prior to the date of the statement, including the content and date of any offers of compromise made or received by the submitting party, and the content and date of any responses to such offers;

(e)   A description of the proceedings to date, including any case management/discovery deadlines and any previous rulings by the court on dispositive or other relevant motions;

(f)   The trial date, the pre-trial conference date, the estimated length of

trial, and whether a court or jury trial is contemplated; and

    (g) Any other relevant circumstances that counsel believe will assist the Court in conducting the settlement conference.

8. The failure of any party to timely submit a Settlement Conference Statement in compliance with this Order, or otherwise comply strictly with this Order, will result in the Settlement Conference being ordered off calendar and may result in sanctions being imposed.

9. At the commencement of the conference, counsel for each party should be prepared to make the equivalent of a mini-opening statement in the presence of all parties and counsel. Counsel should have available for the Court's review copies of all key documents in the case, including copies of any significant witness statements, testimony, or portions thereof, that counsel believes will be relevant.

10. If settlement between any or all parties is reached as a result of the Settlement Conference, it is the responsibility of all counsel to immediately report the settlement to the District Judge's courtroom deputy clerk, as well as to timely memorialize the settlement. See Local Rule 16-14.1.

Dated:   September 11, 2007

                                              JENNIFER T. LUM
                                              United States Magistrate Judge